# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-1347V

Filed: March 20, 2017

* * * * * * * * * * * * * * * *
JEFFREY HUNTER,                          *     Special Master Sanders
                                         *
          Petitioner,            *     Dismissal; Insufficient Proof; Influenza
                                         *     ("Flu") Vaccine; Guillain Barre Syndrome
v.                                       *     ("GBS").
                                         *
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
          Respondent.            *
* * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Alexis Babcock, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

      On November 9, 2015, Jeffery Hunter ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("the Program"). Petitioner alleges that an influenza ("flu") vaccination that he received on November 6, 2013 caused him to develop Guillain-Barré syndrome ("GBS"). *See* Petition ("Pet.") at 1-2, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Act.

      On March 20, 2017, Petitioner moved for a decision dismissing his claim. *See* Motion to Dismiss ("Mot."), ECF No. 35. Petitioner conceded that "After repeated and thorough, yet unsuccessful, attempts to obtain proof of Petitioner's vaccination, Petitioner, through his undersigned counsel, request that this Court issue a Decision dismissing this Petition." *Id.* at 1.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Petitioner filed this motion without opposition from Respondent.  *See* Informal Communication, docketed March 20, 2017.  Thus, this matter is now ripe for decision.

To receive compensation under the Program, Petitioner must prove either 1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine.  See §§ 13(a)(1)(A), 11(c)(1).  An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence that Petitioner's alleged injury was caused by an influenza vaccination.

Under the Act, petitioners may not be given a Program award based solely on their claims alone.  Rather, the petition must be supported by medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness.  Therefore, this case must be **dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
